David J. Beauvais (CA Bar # 84275)
LAW OFFICE OF DAVID J. BEAUVAIS
409-13th Street, 20th Floor
Oakland, California 94612
Telephone: (510) 832-3605
Facsimile:  (510) 832-3610

Attorney for Plaintiff

E-filing

FILED

NOV - 9 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

No. C09-05318 MHP

MARK ENNIS,

    Plaintiff,

vs.

CITY OF DALY CITY; GARY S. MCLANE, individually and in his official capacity as Chief of Police of the City of Daly City; Officer KRANZ, individually and in his official capacity as police officer of the City of Daly City; Officer ANDRADE individually and in his official capacity as police officer of the City of Daly City; Sergeant O'ROURKE, individually and in his official capacity as police officer of the City of Daly City, and DOES 1 through 30,

    Defendants.

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

42 U.S.C. § 1983, Cal. Civil Code §§ 51.7, 51.2

Jury Trial Demanded

Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code Sections 1331, 1332 and 1343.

2. The conduct upon which this suit is based occurred in this judicial district.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1

## PARTIES

3. Defendant CITY OF DALY CITY is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the DALY CITY POLICE DEPARTMENT which employs other defendants in this action. Defendant DALY CITY POLICE DEPARTMENT is, and at all times herein mentioned, a municipality entity duly organized and existing under the laws of the State of California.

4. Defendant GARY S. MCLANE is, and was at all times mentioned herein, the Chief of Police of the City of Daly City and in doing the things hereinafter alleged, acted under color of state law as an agent of the City of Daly City and with its full consent and approval.

5. Defendant Officer KRANZ is, and was at all times mentioned herein, a police officer of the City of Daly City and in doing the things hereinafter alleged, acted under color of state law as an agent of the City of Daly City and with its full consent and approval.

6. Defendant officer ANDRADE is, and was at all times mentioned herein, a police officer of the City of Daly City and in doing the things hereinafter alleged, acted under color of state law as an agent of the City of Daly City and with its full consent and approval.

7. Defendant Officer O'ROURKE is, and was at all times mentioned herein, a police officer with the rank of Sergeant of the City of Daly City and in doing the things hereinafter alleged, acted under color of state law as an agent of the City of Daly City and with its full consent and approval.

8. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES. Plaintiff is informed and believes and on that basis alleges that said DOES are each responsible in some manner for the injuries plaintiff sustained herein and that each of the defendants is the agent, servant, or employee of the others in doing the acts complained of herein and acted within the scope of that agency or employment. Plaintiff will amend his complaint to allege the identities of the DOES when ascertained.

9. In doing the things herein alleged, the defendants, and each of them, acted as the agent, servant, employee of the remaining defendants and acted in concert with them.

## STATEMENT OF FACTS

10. Plaintiff Mark Ennis is a member of Citizens for Cruelty-Free Entertainment, a San Francisco Bay Area grassroots group dedicated to the humane treatment of animals and educating the public about the abuse and mistreatment of animals in circuses. To this end, plaintiff exercises his first amendment rights by holding signs and banners and offering to the public informational leaflets about the condition and treatment of animals kept by circuses, including but not limited to the Carson & Barnes Circus. Plaintiff also videotapes aimals used by circuses to educate the public and provide news media with information about abuse and mistreatment of animals. Plaintiff's speech and association is on matters of great public concern locally, nationally, and internationally on the abuse and mistreatment of animals, including but not limited to endangered species, lions, and Asian elephants used by circuses and other entertainment entities.

11. Plaintiff has documented many instances of animal abuse and mistreatment committed by circuses over the years. Plaintiff uses the evidence he documents on video to speak out against these abuses of animals, and to associate with others for the purpose of expressing his views and educating people about the issue of abuse and mistreatment of animals used in circuses.

12. Additionally, Citizens for Cruelty-Free Entertainment uses videos filmed by it's members to speak to the media and provide news and law enforcement organizations with information about the abuse and mistreatment of animals. Citizens for Cruelty-Free Entertainment videotapes have been used and broadcast by local and national news media, including but not limited to NBC Channel 3 News, KGO TV, CBS Channel 5 News, ABC 7 News and KRON 4 News in addition to news organizations in other markets, such as San Diego and Connecticut.

1   Citizens for Cruelty-Free Entertainment videotapes are also used on the internet.

2       13. The Cow Palace in Daly City is publicly-owned property. The parking lots and
3   pedestrian walkways outside the arena are public fora.

4       14. On September 12, 2008 Plaintiff went to the Cow Palace in Daly City to leaflet
5   patrons of the Carson & Barnes Circus and to videotape the animals used by the Circus.

6       15. In advance of going to the Cow Palace, Deniz Bolbol, on behalf of Citizens for
7   Cruelty-Free Entertainment contacted Officer Gomez, the watch commander at the Daly City
8   Police Department to explain that the group was going to the Cow Palace to peacefully leaflet and
9   videotape and wanted to confirm that the Daly City police would uphold her rights. Bolbol
10  explained that she had worked with defendant McLANE in the past. Gomez confirmed that the
11  police would uphold the group's rights. He said he would be working that night and would be
12  available if she needed assistance.

13      16. Upon arriving at the Cow Palace Plaintiff, peacefully and without interfering with the
14  circus operation, videotaped the animals. Carson & Barnes Circus representatives approached
15  Plaintiff and tried to interfere with Plaintiff while he was peacefully videotaping.
16  The Daly City Police Department was called and an officer arrived. The officer told Carson &
17  Barnes Circus representatives that they could not interfere with Plaintiff and others who were
18  engaged in peaceful free speech activities. Plaintiff listened to a conversation between Deniz
19  Bolbol and the officer during which they discussed whether the barricade blocking off roughly
20  three-quarters of the parking lot was legal because activists wanted to go into that area to
21  videotape the conditions and treatment of the animals. The officer called his supervisor to the
22  scene; shortly thereafter Officer Griggs arrived. Officer Griggs then had a discussion with
23  members of Carson and Barnes Management including Gustavo Parra-Bello and Plaintiff during
24  which officer Griggs informed Carson and Barnes management that the parking lot was public
25  property and the activists where allowed access to the entire lot, except areas that require a ticket
26  and areas surrounded by metal barricades. At the end of this conversation Carson and Barnes
27  employees made changes to some of the metal barricades. Just before leaving the scene Officer
28

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

4

1  Griggs had an additional conversation regarding the barricades with Deniz Bolbol, Diana Colvin
2  of the Cow Palace management, and Gustavo Parra-Bello of Carson and Barnes Management
3  Griggs contacted watch commander Gomez to clarify where activists could go to videotape the
4  conditions and treatment of the animals. After speaking with watch commander Gomez on a cell
5  phone, Griggs informed Deniz Bolbol, Diana Colvin of the Cow Palace management and Gustavo
6  Parra-Bello of Carson and Barnes Management that the barricades were not allowed and that a
7  smaller parameter around the circus tent would need to be erected; Griggs explained that
8  barricades or another barrier could be erected at a reasonable distance from the tent and that
9  barricade would need to circle the tents rather than cut off access to three-quarters of the parking
10 lot. Griggs further explained that Deniz Bolbol and others exercising their First Amendment
11 activities, were allowed to go beyond the barricades to videotape the conditions and treatment of
12 the animals. Cow Palace management representative Diana Colvin and Carson & Barnes
13 management, including Gustavo Parra-Bello, expressed extreme displeasure with Griggs and
14 insisted that activists would sneak into the tents with the animals. Griggs told Cow Palace
15 management representative Diana Colvin to call the police if such activity took place.

  17. Shortly after the conversation described in paragraph 16 ended, Deniz Bolbol shared the details of the conversation with Plaintiff. For the remainder of the night Plaintiff and others with him went beyond the barricades and videotaped the animals. Carson & Barnes representatives harassed Plaintiff and others as they exercised their First Amendment right to gather information. Plaintiff and the others with him left that night without further incident.

  18. The parking lots surrounding the Cow Palace are public fora.
At all material times Plaintiff was peacefully exercising his constitutionally protected right of free speech by collecting information on matters of public concern in a public forum.

  19. The following day, September 13, 2008, Plaintiff returned to the Cow Palace, along with approximately four others, for the purpose of exercising their constitutionally protected First Amendment right to Free Speech and Press, by holding signs, banners, offering informational leaflets to patrons and by videotaping the handling and conditions of the animals used by the

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

5

circus. When Plaintiff arrived at the circus the barricades had not been moved to reflect Officer Griggs' request that the barricades should circle the tents rather than cut off access to three-quarters of the parking lot. Based on the information provided the night before by Officer Griggs, Plaintiff and Bolbo, walked past the barricades to videotape the conditions and treatment of the animals with Carson & Barnes Circus. At first Carson & Barnes Circus employees harassed and tried to interfere with Plaintiff's videotaping . Carson & Barnes Circus employee Kristin Byrd Parra instructed employees to get back to work and leave Plaintiff and Bolbol alone. Shortly thereafter without identifying himself and without warning, defendant Kranz rushed Plaintiff, physically attacked him and broke his camera. Plaintiff managed to escape from Kranz. .

20. At no time, before, during or after the attack, did KRANZ command Plaintiff to do anything or tell Plaintiff that he was under arrest.

21. Immediately after KRANZ attacked plaintiff, Plaintiff heard Gustavo Para-Bello of Carson and Barnes management along with Diana Colvin of Cow Palace management instruct Carson and Barnes employees in the area to assault Plaintiff who were foreseeable encouraged to do so by KRANZ'S assault of Plaintiff. At this time Plaintiff witnessed KRANZ physically attack Deniz Bolbol.

22. Plaintiff, fearing for his safety, while being pursued by numerous Carson and Barnes employees ran to an area where others in their group were present. Once he reached that area, three Carson and Barnes employees physically attacked Plaintiff, causing further damage to his video camera.

23. Plaintiff was later falsely arrested for trespass, resisting arrest and assault with a deadly weapon. Defendants lacked probable cause to believe that Plaintiff had committed any offense. The arrest was ordered by Sergeant O'Rourke and carried out by unknown police officers.

24. While Plaintiff was placed under arrest, officers including officer Andrade pursuant to a City policy of discrimination against animal rights activists refused to arrest the Circus employees who had assaulted Plaintiff. Officer Andrade also failed to conduct a reasonable

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

investigation of Plaintiff's assault claim. He declined to view a videotape of the assault on Plaintiff despite knowledge that the assault was captured on videotape that was readily available for him to view. His failure to conduct a reasonable investigation was motivated by bias against the Plaintiff based on Plaintiff's political views and perceived association with animal rights activists.

25. Defendant McLANE told Bolbol that he supported defendant KRANZ' unlawful actions and thereby ratified the illegal conduct alleged in this complaint.

## STATEMENT OF DAMAGES

26. As a direct and proximate result of the incident alleged in this complaint, Plaintiff sustained injuries and damages including, but not limited to: pain, suffering, injuries to his body, as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to his general damage in an amount according to proof.

27. As a direct and proximate result of the incident alleged in this complaint, Plaintiff suffered property damage and was compelled to pay a bond premium.

28. In doing the things alleged herein, defendant KRANZ acted willfully and maliciously and in reckless or callous disregard of the plaintiff's rights justifying an award of punitive damages in accordance with proof.

29. Plaintiff has been compelled to engage the services of private counsel to vindicate their rights under the law. Plaintiff is therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

## COUNT ONE

Violation of Civil Rights

(Title 42 U.S.C. Section 1983)

30. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 29 of this complaint.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

31. In doing the acts complained of herein, defendant Kranz acted under color of state law to deprive plaintiff as alleged herein, of certain constitutionally protected rights including, but not limited to:

    (a) the right not to be deprived of liberty without due process of law;

    (b) the right to be free from invasion or interference with plaintiff's zone of privacy;

    (c) the right to be free from unreasonable searches and seizures;

    (d) the right to freedom of speech;

    (e) the right to freedom of association;

    (f) the right to petition for a redress of grievances;

    (g) the right to equal protection of the law;

    (h) the right to be free from police use of excessive force;

    (i) the right to be free from discriminatory law enforcement;

    (j) the right to be free from arrest without probable cause;

    (k) the right to be free from retaliation for the exercise of rights under the First Amendment.

32. The arrest of Plaintiff and the use of excessive force constituted part of a pattern and practice of the City of Daly City to use his police powers to crush political expression.

33. The failure of the City of Daly City to implement policies to assure the protection of First Amendment rights, to train police officers to respect such rights, its failure to train officers in the use of reasonable force and its policy of discriminatory enforcement of laws caused plaintiff to suffer the injuries described in this complaint.

34. Plaintiff has no speedy and adequate remedy at law in that he regularly participates in activities at the Cow Palace and expects to do so in the future. Plaintiff legitimately fears that he will be subjected to arbitrary arrest and the use of excessive force in the future if the court does not issue an injunction to prohibit the defendants' unlawful conduct.

35. As a direct and proximate result of the acts complained of herein, plaintiff has suffered general damages as set forth in this complaint.

36. The conduct of defendant Kranz was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT TWO

Violation of Civil Rights

(Cal. Civil Code section 52.1)

37. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 35 of this complaint.

38. In doing the acts complained of herein, defendants interfered by threats and intimidation with the plaintiff's exercise and enjoyment of rights secured by the Constitution of the United States and the laws of the State of California including the rights to free expression, the right to assembly, the right to be free of from unlawful search and seizure and denial of equal protection and discriminatory enforcement of laws.

39. As a proximate cause of defendants' actions, plaintiff was injured as set forth in this complaint.

40. Prior to filing this complaint, Plaintiff presented a timely claim to the City of Daly City under California Government Code section 910. Denial of the claim was served on Plaintiff on May 8, 2009.

## COUNT THREE

Violation of Civil Rights

(Cal. Civil Code section 51.7)

41. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 36 and paragraphs 37 through 40 of this complaint.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

42. In doing the acts complained of herein, defendants used intimidation and violence against the plaintiff on account of his political affiliations and beliefs with respect to the humane treatment of animals.

43. As a proximate cause of defendants' actions, Plaintiff was injured as set forth in this complaint.

## JURY TRIAL DEMAND

38. Plaintiff demands a jury trial.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against the defendants, and each of them, as follows:

1. General damages according to proof against all defendants;

2. Punitive damages against defendants Kranz, McLane, Andrade and O'Rourke according to proof;

3. Preliminary and permanent injunctive relief;

4. Treble damages for the violation under California Civil Code section 52.1;

5. A $25,000 civil penalty for the violation under California Civil Code section 51.7 and 52.1;

6. Attorney's fees pursuant to statute;

7. Costs of suit; and

8. For such other and further relief as the court deems appropriate.

DATED: November 9, 2009

DAVID J. BEAUVAIS
Attorney for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS