1

David J. Beauvais (CA Bar # 84275)
LAW OFFICE OF DAVID J. BEAUVAIS

2

409-13th Street, 20th Floor
Oakland, California 94612

3

Telephone: (510) 832-3605
Facsimile:   (510) 832-3610

4

Attorney for Plaintiff

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN  DISTRICT OF CALIFORNIA

10

11

MARK ENNIS,                                              )  No. C 09-05318 MHP
                                                                 )
12                                                              )
                                                                 )
13           Plaintiff,                                    )
                                                                 )  **DECLARATION OF PLAINTIFF'S**
14                                                              )  **COUNSEL IN SUPPORT OF MOTION**
           vs.                                              )  **FOR LEAVE TO FILE SECOND**
15                                                              )  **AMENDED COMPLAINT**
                                                                 )
16  CITY OF DALY CITY; GARY S. MCLANE, )  Date:   June 28, 2010
    individually and in his official capacity as    )  Time:  2:00 P.M.
17  Chief of Police of the City of Daly City;Officer )  Crtrm: 15, 18th Floor
    KRANZ, individually and in his official          )
18  capacity as police officer of the City of Daly  )
    City; Officer ANDRADE individually and in   )
19  his official capacity as police officer of the City )
    of Daly City; Sergeant O'ROURKE,              )
20  individually and in his official capacity as     )
    police officer of the City of Daly City, and     )
21  DOES 1 through 30,                                  )
                                                                 )
22           Defendants.                                  )
    _____ )

23

           I, DAVID J. BEAUVAIS, declare as follows:

24

           1.  I am duly licensed to practice in this court and I am the attorney for plaintiff in the

25

above-entitled action.  I make this declaration of my own personal knowledge and if called as a

26

witness, I would testify competently to the facts stated herein.

27

28

DECL. OF PLAINTIFF'S COUNSEL IN SUPORT OF MOTION FOR LEAVE TO FILE

1    2. The proposed amended complaint adds 1-A Agricultural Association, three of its

2  employees, Carson & Barnes Circus and three of its employees as defendants in the action.  The

3  proposed amended complaint also adds Daly City police captain Eric Wollman.  There are no

4  new claims in the proposed complaint.

5    3. This motion is filed within the time provided in the court's scheduling order as

6  extended by the parties' stipulation approved by the court.

7    4. After the filing of plaintiff's first amendment complaint, he received in the course of

8  discovery information from which he concluded that Carson & Barnes was acting in conjunction

9  with the Daly City Police and 1-A Agricultural Association to formulate and implement the

10 unconstitutional policy which deprived plaintiff of his first and fourth amendment rights.  Diana

11 Colvin confirmed in her deposition testimony on April 23 and May 7 that these parties acted in

12 concert to formulate the policy despite warnings from Daly City police officer Griggs that they

13 needed to change the configuration of the barricades to comport with constitutional requirements.

14 He was overruled by Lieutenant Wollman who has since been promoted to Captain.  Defendant

15 Parra-Bello, representing Carson & Barnes and Diana Colvin representing 1-A Agricultural

16 Association were also participants.

17   5. It also became clear through Colvin's testimony that Carson & Barnes participated in

18 the enforcement of the policy which resulted in the attack on plaintiff by Kranz and Carson &

19 Barnes employees.  The new information thus established a nexus between the policy jointly

20 established and carried out by the two public entities and the private entity acting in concert to

21 violate plaintif's rights.

22   6. Prior to the taking of Colvin's deposition, plaintiff had no evidence that Carson &

23 Barnes acted in concert with the police or 1-A Agricultural Association or that 1-A Agricultural

24 Association was involved in formulating the policy under which the police acted.

25   7. Plaintiff sought a stipulation from the defendant's counsel for leave to file an amended

26 complaint but was unable to reach her to discuss the contents of the amended complaint.

27 Accordingly, plaintiff is pursuing relief by way of motion.

28

DECL. OF PLAINTIFF'S COUNSEL IN SUPORT OF MOTION FOR LEAVE TO FILE

1    8.   Leave to amend at this stage will not prejudice the defendants currently named or those

2   sought to be joined.  Discovery is at an early stage and discovery cutoff is in September.

3    9.   A true copy of plaintiff's proposed amended complaint is attached hereto as Exhibit

4   "A."

5   I declare under penalty of perjury under the laws of the United States that the foregoing is

6   true and correct.

7

8   DATED: May 14, 2010

9

10

11                                    /s/ David J. Beauvais
                                      Attorney for Plaintiff
12                                    Mark Ennis

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

David J. Beauvais (CA Bar # 84275)
2  LAW OFFICE OF DAVID J. BEAUVAIS
409-13th Street, 20th Floor
3  Oakland, California 94612
Telephone: (510) 832-3605
4  Facsimile:   (510) 832-3610

5  Attorney for Plaintiff
MARK ENNIS
6

7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN  DISTRICT OF CALIFORNIA

11

12  MARK ENNIS,                            ) No.  C 09-05318 MHP
                                           )
13                                         ) **FIRST AMENDED COMPLAINT FOR**
          Plaintiff,                       ) **VIOLATION OF CIVIL RIGHTS**
14                                         )
                                           )
15          vs.                            ) 42 U.S.C. § 1983, Cal. Civil Code §§ 51.7,
                                           ) 51.2
16                                         )
CITY OF DALY CITY; GARY S. MCLANE,         )
17  individually and in his official capacity as ) Jury Trial Demanded
Chief of Police of the City of Daly City; Officer)
18  KRANZ, individually and in his official  )
capacity as police officer of the City of Daly )
19  City; Officer ANDRADE individually and in  )
his official capacity as police officer of the City )
20  of Daly City; Sergeant O'ROURKE,           )
individually and in his official capacity as  )
21  police officer of the City of Daly City;    )
SERGEANT KEYES, individually and in his  )
22  official capacity as police officer of the City of )
Daly City and DOES 1 through 30,           )
23                                         )
          Defendants.                      )
24  _____ )

25
          Plaintiff alleges as follows:
26
                        **JURISDICTION AND VENUE**
27
          1.  This court has jurisdiction over the subject matter of this action pursuant
28


          FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

                                                                              1

1  to Title 28, United States Code Sections 1331, 1332 and 1343.

2      2.  The conduct upon which this suit is based occurred in this judicial district.

3

4                          **PARTIES**

5      3. Defendant CITY OF DALY CITY is a public entity established by the laws and

6  Constitution of the State of California, and owns, operates, manages, directs, and controls the

7  DALY CITY POLICE DEPARTMENT which employs other defendants in this action.

8  Defendant DALY CITY POLICE DEPARTMENT is, and at all times herein mentioned, a

9  municipality entity duly organized and existing under the laws of the State of California.

10     4.  Defendant GARY S. MCLANE is, and was at all times mentioned herein, the Chief of

11  Police of the City of Daly City and in doing the things hereinafter alleged, acted under color of

12  state law as an agent of the City of Daly City and with its full consent and approval.

13     5.  Defendant Officer KRANZ is, and was at all times mentioned herein, a police officer of

14  the City of Daly City and in doing the things hereinafter alleged, acted under color of state law as

15  an agent of the City of Daly City and with its full consent and approval.

16     6.  Defendant officer ANDRADE is, and was at all times mentioned herein, a police

17  officer of the City of Daly City and in doing the things hereinafter alleged, acted under color of

18  state law as an agent of the City of Daly City and with its full consent and approval.

19     7.  Defendant Officer O'ROURKE is, and was at all times mentioned herein, a police

20  officer with the rank of Sergeant of the City of Daly City and in doing the things hereinafter

21  alleged, acted under color of state law as an agent of the City of Daly City and with its full

22  consent and approval.

23     8.  Defendant Officer KEYES is, and was at all times mentioned herein, a police officer

24  with the rank of Sergeant of the City of Daly City and in doing the things hereinafter alleged,

25  acted under color of state law as an agent of the City of Daly City and with its full consent and

26  approval.

27

28

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1    9.  Plaintiff does not know the true names and capacities of the defendants sued herein as

2    DOES.  Plaintiff is informed and believes and on that basis alleges that said DOES are each

3    responsible in some manner for the injuries plaintiff sustained herein and that each of the

4    defendants is the agent, servant, or employee of the others in doing the acts complained of herein

5    and acted within the scope of that agency or employment.  Plaintiff will amend his complaint to

6    allege the identities of the DOES when ascertained.

7    10.  In doing the things herein alleged, the defendants, and each of them, acted as the

8    agent, servant, employee of the remaining defendants and acted in concert with them.

9

10                              **STATEMENT OF FACTS**

11    11. Plaintiff Mark Ennis is a member of Citizens for Cruelty-Free Entertainment, a San

12    Francisco Bay Area grassroots group dedicated to the humane treatment of animals and educating

13    the public about the abuse and mistreatment of animals in circuses.  To this end, plaintiff

14    exercises his first amendment rights by holding signs and banners and offering to the public

15    informational leaflets about the condition and treatment of animals kept by circuses, including but

16    not limited to the Carson & Barnes Circus. Plaintiff also videotapes animals used by circuses to

17    educate the public and provide news media with information about abuse and mistreatment of

18    animals.  Plaintiff's speech and association is on matters of great public concern locally,

19    nationally, and internationally on the abuse and mistreatment of animals, including but not

20    limited to endangered species, lions, and Asian elephants used by circuses and other

21    entertainment entities.

22    12.  Plaintiff has documented many instances of animal abuse and mistreatment committed

23    by circuses over the years.  Plaintiff uses the evidence he documents on video to speak out against

24    these abuses of animals, and to associate with others for the purpose of expressing his views and

25    educating people about the issue of abuse and mistreatment of animals used in circuses.

26    13.  Additionally, Citizens for Cruelty-Free Entertainment uses videos  filmed by it's

27    members to speak to the media and provide news and law enforcement organizations with

28

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

3

1 information about the abuse and mistreatment of animals. Citizens for Cruelty-Free Entertainment

2 videotapes have been used and broadcast by local and national news media, including but not

3 limited to NBC Channel 3 News, KGO TV, CBS Channel 5 News, ABC 7 News and KRON 4

4 News in addition to news organizations in other markets, such as San Diego and Connecticut.

5 Citizens for Cruelty-Free Entertainment videotapes are also used on the internet.

6      14. The Cow Palace in Daly City is publicly-owned property. The parking lots and

7 pedestrian walkways outside the arena are public fora.

8      15. On September 12, 2008 Plaintiff went to the Cow Palace in Daly City to leaflet

9 patrons of the Carson & Barnes Circus and to videotape the animals used by the Circus.

10      16. In advance of going to the Cow Palace, Deniz Bolbol, on behalf of Citizens for

11 Cruelty-Free Entertainment contacted Officer Gomez, the watch commander at the Daly City

12 Police Department to explain that the group was going to the Cow Palace to peacefully leaflet and

13 videotape and wanted to confirm that the Daly City police would uphold her rights. Bolbol

14 explained that she had worked with defendant McLane in the past. Gomez confirmed that the

15 police would uphold the group's rights. He said he would be working that night and would be

16 available if she needed assistance.

17      17. Upon arriving at the Cow Palace Plaintiff, peacefully and without interfering with the

18 circus operation, videotaped the animals. Carson & Barnes Circus representatives approached

19 Plaintiff and tried to interfere with Plaintiff while he was peacefully videotaping.

20 The Daly City Police Department was called and an officer arrived. The officer told Carson &

21 Barnes Circus representatives that they could not interfere with Plaintiff and others who were

22 engaged in peaceful free speech activities. Plaintiff listened to a conversation between Deniz

23 Bolbol and the officer during which they discussed whether the barricade blocking off roughly

24 three-quarters of the parking lot was legal because activists wanted to go into that area to

25 videotape the conditions and treatment of the animals. The officer called his supervisor to the

26 scene; shortly thereafter Officer Griggs arrived. Officer Griggs then had a discussion with

27 members of Carson and Barnes Management including Gustavo Parra-Bello and Plaintiff during

28

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

4

1  which officer Griggs informed Carson and Barnes management that the parking lot was public

2  property and the activists where allowed  access to the entire lot, except areas that require a ticket

3  and areas surrounded by metal barricades.  At the end of this conversation Carson and Barnes

4  employees made changes to some of the metal barricades. Just before leaving the scene Officer

5  Griggs had an additional conversation regarding the barricades with Deniz Bolbol, Diana Colvin

6  of the Cow Palace management, and Gustavo Parra-Bello of Carson and Barnes Management

7  Griggs contacted watch commander Gomez to clarify where activists could go to videotape the

8  conditions and treatment of the animals.  After speaking with watch commander Gomez on a cell

9  phone, Griggs informed Deniz Bolbol, Diana Colvin of the Cow Palace management and Gustavo

10  Parra-Bello of Carson and Barnes Management that the barricades were not allowed and that a

11  smaller parameter around the circus tent would need to be erected; Griggs explained that

12  barricades or another barrier could be erected at a reasonable distance from the tent and that

13  barricade would need to circle the tents rather than cut off access to three-quarters of the parking

14  lot.  Griggs further explained that Deniz Bolbol and others exercising their First Amendment

15  activities, were allowed to go beyond the barricades to videotape the conditions and treatment of

16  the animals. Cow Palace management representative Diana Colvin and Carson & Barnes

17  management, including Gustavo Parra-Bello, expressed extreme displeasure with Griggs and

18  insisted that activists would sneak into the tents with the animals. Griggs told Cow Palace

19  management representative Diana Colvin to call the police if such activity took place.

20      18.  Shortly after the conversation described in paragraph 16 ended, Deniz Bolbol shared

21  the details of the conversation with Plaintiff.  For the remainder of the night Plaintiff and others

22  with him went beyond the barricades and videotaped the animals. Carson & Barnes representatives

23  harassed Plaintiff and others as they exercised their First Amendment right to gather information.

24  Plaintiff and the others with him left that night without further incident.

25      19.  The parking lots surrounding the Cow Palace are public fora.

26  At all material times Plaintiff was peacefully exercising his constitutionally protected right of free

27  speech by collecting information on matters of public concern in a public forum.

28

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1       20.   The following day, September 13, 2008, Plaintiff returned to the Cow Palace, along

2   with approximately four others, for the purpose of exercising their constitutionally protected First

3   Amendment right to Free Speech and Press, by holding signs, banners, offering informational

4   leaflets to patrons and by videotaping the handling and conditions of the animals used by the

5   circus.  When Plaintiff arrived at the circus the barricades had not been moved to reflect Officer

6   Griggs' request that the barricades should circle the tents rather than cut off access to

7   three-quarters of the parking lot. Based on the information provided the night before by Officer

8   Griggs, Plaintiff and Bolbo, walked past the barricades to videotape the conditions and treatment

9   of the animals with Carson & Barnes Circus. At first Carson & Barnes Circus employees harassed

10  and tried to interfere with Plaintiff's videotaping. Carson & Barnes Circus employee Kristin Byrd

11  Parra instructed employees to get back to work and leave Plaintiff and Bolbol alone.

12  Shortly thereafter without identifying himself and without warning, defendant Kranz rushed

13  Plaintiff, physically attacked him and broke his camera. Plaintiff  managed to escape from Kranz.

14      21.   At no time, before, during or after the attack, did Kranz command Plaintiff to do

15  anything or tell Plaintiff that he was under arrest.

16      22.   Immediately after Kranz attacked plaintiff, Plaintiff heard Gustavo Para-Bello of

17  Carson and Barnes management  along with Diana Colvin of Cow Palace management instruct

18  Carson and Barnes employees in the area to assault Plaintiff who were foreseeable encouraged to

19  do so by Kranz's assault of Plaintiff. At this time Plaintiff witnessed  Kranz physically attack

20  Deniz Bolbol.

21      23.   Plaintiff, fearing for his safety, while being pursued by numerous Carson and Barnes

22  employees ran to an area where others in their group were present.  Once he reached that area,

23  three Carson and Barnes employees physically attacked Plaintiff causing further damage to his

24  video camera.

25      24.   Plaintiff was later falsely arrested for trespass, resisting arrest and assault with a

26  deadly weapon.  Defendants lacked probable cause to believe that Plaintiff had committed any

27

28

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

6

1   offense.  The arrest was ordered by Sergeant O'Rourke and carried out by unknown police
2   officers.

3       25.  While arresting Plaintiff, officers, including Andrade and Keyes, pursuant to a City
4   policy of discrimination against animal rights activists, refused to arrest the Circus employees and
5   another person, Valerie Laxamana, who participated in the assault on Plaintiff and made a false
6   claim that Plaintiff assaulted her.  In the course of that assault, these individuals attempted to take
7   Plaintiff's camera containing video of the events.  Unable to gain control of the camera during the
8   assault, Laxamana watched Plaintiff hand the camera tape to another activist who was leaving on a
9   bicycle with the tape.  Laxama and another person then grabbed the activist with the intent to gain
10  possession of the tape.   Laxamana admitted to Kranz that she attempted to grab the tape from the
11  activist on the bicycle.  Despite this admission, the defendants declined Plaintiff's demand that she
12  be arrested.

13      26.  Officers Andrade and Keyes also failed to conduct a reasonable investigation of
14  Plaintiff's assault claim.  They along with other unknown officers declined to view a videotape of
15  the assault on Plaintiff despite knowledge that the assault was captured on videotape that was
16  readily available for him to view.  His failure to conduct a reasonable investigation was motivated
17  by bias against the Plaintiff based on Plaintiff's political views and perceived association with
18  animal rights activists.

19      27.  Defendant McLane told Bolbol that he supported defendant Kranz' unlawful actions
20  and thereby ratified the illegal conduct alleged in this complaint.

21

22                        **STATEMENT OF DAMAGES**

23      26.  As a direct and proximate result of the incident alleged in this complaint, Plaintiff
24  sustained injuries and damages including, but not limited to: pain, suffering,  injuries to his
25  body, as well as severe emotional distress, fear, anxiety, embarrassment and humiliation, all to his
26  general damage in an amount according to proof.
27

28

                    FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

                                                                                        7

28.   As a direct and proximate result of the incident alleged in this complaint, Plaintiff suffered property damage and was compelled to pay a bond premium.

29.   In doing the things alleged herein, defendant Kranz acted willfully and maliciously and in reckless or callous disregard of the plaintiff's rights justifying an award of punitive damages in accordance with proof.

30.   Plaintiff has been compelled to engage the services of private counsel to vindicate their rights under the law.  Plaintiff is therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

**COUNT ONE**
Violation of Civil Rights
(Title 42 U.S.C. Section 1983)

31.   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 30 of this complaint.

32.   In doing the acts complained of herein, defendant Kranz acted under color of state law to deprive plaintiff as alleged herein, of certain constitutionally protected rights including, but not limited to:

(a)  the right not to be deprived of liberty without due process of law;

(b)  the right to be free from invasion or interference with plaintiff's zone of privacy;

(c)  the right to be free from unreasonable searches and seizures;

(d)  the right to freedom of speech;

(e)  the right to freedom of association;

(f)   the right to petition for a redress of grievances;

(g)  the right to equal protection of the law;

(h)  the right to be free from police use of excessive force;

(i)  the right to be free from discriminatory law enforcement;

(j)  the right to be free from arrest without probable cause;

(k) the right to be free from retaliation for the exercise of rights under the First Amendment.

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

33. The arrest of Plaintiff and the use of excessive force constituted part of a pattern and practice of the City of Daly City to use his police powers to crush political expression.

34. The failure of the City of Daly City to implement policies to assure the protection of First Amendment rights, to train police officers to respect such rights, its failure to train officers in the use of reasonable force and its policy of discriminatory enforcement of laws caused plaintiff to suffer the injuries described in this complaint.

35. Plaintiff has no speedy and adequate remedy at law in that he regularly participates in activities at the Cow Palace and expects to do so in the future. Plaintiff legitimately fears that he will be subjected to arbitrary arrest and the use of excessive force in the future if the court does not issue an injunction to prohibit the defendants' unlawful conduct.

36. As a direct and proximate result of the acts complained of herein, plaintiff has suffered general damages as set forth in this complaint.

37. The conduct of defendant Kranz was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT TWO

Violation of Civil Rights
(Cal. Civil Code section 52.1)

38. Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 28 of this complaint.

39. In doing the acts complained of herein, defendants interfered by threats and intimidation with the plaintiff's exercise and enjoyment of rights secured by the Constitution of the United States and the laws of the State of California including the rights to free expression, the right to assembly, the right to be free of from unlawful search and seizure and denial of equal protection and discriminatory enforcement of laws.

40. As a proximate cause of defendants' actions, plaintiff was injured as set forth in this complaint.

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

1    41.  Prior to filing this complaint, Plaintiff presented a timely claim to the City of Daly City

2 under California Government Code section 910.  Denial of the claim was served on Plaintiff on

3 May 8, 2009.

4

5                                  **COUNT THREE**

6                             Violation of Civil Rights

7                      (Cal.Civil Code section 51.7)

8    42.  Plaintiff realleges and incorporates herein by reference the allegations set forth in

9 Paragraphs 1 through 28 of this complaint.

10    43.  In doing the acts complained of herein, defendants used intimidation and violence

11 against the plaintiff on account of his political affiliations and beliefs with respect to the humane

12 treatment of animals.

13    44.  As a proximate cause of defendants' actions, Plaintiff was injured as set forth in this

14 complaint.

15

16                         **JURY TRIAL DEMAND**

17    45.  Plaintiff demands a jury trial.

18                             **PRAYER**

19    **WHEREFORE**, Plaintiff prays for judgment against the defendants, and each of them, as

20 follows:

21    1.  General damages according to proof against all defendants;

22    2.  Punitive damages against defendants Kranz, McLane, Andrade, O'Rourke and

23 Keyes according to proof;

24    3.  Preliminary and permanent injunctive relief;

25    4.  Treble damages for the violations under California Civil Code section 52.1;

26    5.  A $25,000 civil penalty for the violations under California Civil Code section 51.7 and

27 52.1;

28    6.  Attorney's fees pursuant to relevant statutes on each count of this complaint;

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

10

1     7.  Costs of suit; and

2     8.  For such other and further relief as the court deems appropriate.

3     DATED: January 21, 2010

4

5

6                                  /s/ David J. Beauvais
                                   DAVID J. BEAUVAIS
7                                  Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

11