David J. Beauvais (CA Bar # 84275)
LAW OFFICE OF DAVID J. BEAUVAIS
409-13th Street, 20th Floor
Oakland, California 94612
Telephone: (510) 832-3605
Facsimile:   (510) 832-3610

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ENNIS, | No. C 09-05318 MHP |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| vs. | |
| CITY OF DALY CITY; GARY S. MCLANE, individually and in his official capacity as Chief of Police of the City of Daly City; Officer KRANZ, individually and in his official capacity as police officer of the City of Daly City; Officer ANDRADE individually and in his official capacity as police officer of the City of Daly City; Sergeant O'ROURKE, individually and in his official capacity as police officer of the City of Daly City, and DOES 1 through 30, | Date:  June 28, 2010<br>Time:  2:00 P.M.<br>Crtrm: 15, 18th Floor |
| Defendants. | |

## I. LEAVE TO FILE AN AMENDED COMPLAINT SHOULD BE LIBERALLY GRANTED AT THIS EARLY STAGE OF LITIGATION

Rule 15(A)(2) provides that leave to amend should be freely given "when justice so requires."  Federal policy strongly favors determination of cases on their merits. Leave to

amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving party. *Foman v. Davis* (1962) 371 US 178, 182, 83 S.Ct. 227, 230; *FilmTec Corp. v. Hydranautics* (Fed. Cir. 1995) 67 F3d 931, 935–936; *Martinez v. Newport Beach City* (9th Cir. 1997) 125 F3d 777, 785. While leave to amend should not be granted automatically, the circumstances under which Rule 15(a) permist denial of leave to amend are limited. *Ynclan v. Department of Air Force* (5th Cir. 1991) 943 F2d 1388, 1391. The liberal policy regarding amendment of pleadings certainly applies when amendment, as in this case, is sought before a case management deadline. See*, Coleman v. Quaker Oats Co.* (9th Cir. 2000) 232 F3d 1271, 1294 suggesting that "good cause" for amendment may be required after a deadline to amend has passed.

In this instance, plaintiff has filed his motion to amend within the time set in the case management order and has explained through the declaration of his counsel how new information justifies adding parties to this lawsuit. These parties are proposed to be added based on information derived through discovery which demonstrates a basis to name them in a second amended complaint. Prior to taking the deposition of Diana Colvin, plaintiff was not certain that Carson & Barnes acted in concert with the police and the Cow Palace to violate plaintiff's rights. Since that has now been made clear, it is appropriate to add Carson & Barnes under Section 1983.

## II. DEFENDANTS ARE NOT UNDULY PREJUDICED IF THE COURT GRANTS THE RELIEF SOUGHT

As supported in the declaration of plaintiff's counsel, defendants will not be prejudiced by amendment at this early stage of the litigation. The discovery cutoff is in September. The only discovery conducted to date specific to this case is the taking of Colvin's deposition where she was represented by the Attorney General who presumably will represent 1-A Agricultural Association when it is added as a party.

The defendants including those newly joined will have ample time to prepare their defense before trial. The current defendants have known all along that they acted

in concert with the defendants sought to be joined. It was only the plaintiff who was ignorant of the facts justifying amending his complaint to add the new parties. The plaintiff has no motivation to delay the proceedings in any way. He has taken prompt action to amend once the facts were ascertained during the depositon of Diana Colvin.

### III.  CONCLUSION

Based on the foregoing, plaintiff respectfully requests that leave be granted to file the proposed second amended complaint.

DATED: May 14, 2010

/s/ David J. Beauvais
Attorney for Plaintiff
MARK ENNIS