UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ENNIS,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF DALY CITY, et. al.,<br><br>   Defendants.<br>_____ / | No. C. 09-05318 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Defendant Carson & Barnes Circus' Motion to Dismiss Third Amended Complaint and Motion to Strike** |

  On November 9, 2009, plaintiff Mark Ennis ("Ennis") filed this action against the City of Daly City ("City"), Daly City Police Chief McLane ("McLane"), Daly City Police Officer Kranz ("Kranz"), Daly City Police Officer Andrade and Daly City Police Sergeant O'Rourke ("O'Rourke") alleging violations of civil rights under both 42 U.S.C. § 1983 and state law. On January 22, 2010, plaintiff filed a first amended complaint, naming as an additional City defendant, Daly City Police Sergeant Keyes. On June 30, 2010, plaintiff filed a Second Amended Complaint naming as additional defendants the 1-A Agricultural Association, which operates the Cow Palace in Daly City, and three of its employees; the Carson and Barnes Circus ("Carson") and three of its employees; and Daly City Police Officer Wollman ("Wollman"). Docket No. 25 (Second Amended Complaint). Defendant Carson brought a motion to dismiss, which the court granted in part and denied in part, and the court granted plaintiff leave to amend the complaint. Docket No. 46 (Memorandum and Order). On December 22, 2010, plaintiff filed a third amended complaint. Docket No. 48 (Third Amended Complaint ("TAC")). Now before the court is defendant Carson's motion to dismiss the TAC as it applies to Carson. Having considered the parties' submissions and arguments, the court enters the following memoranda.

BACKGROUND

Plaintiff Ennis is a member of Citizens for Cruelty-Free Entertainment ("CCFE"), a San Francisco organization that promotes the humane treatment of animals and educates the public about the abuse and mistreatment of animals in circuses. TAC ¶ 24. In order to promote his cause, Ennis engages in speech activities, such as holding signs and banners and distributing informational leaflets to the public about the condition and treatment of animals at circuses. *Id*. ¶ 25. Ennis also videotapes the treatment of animals at circuses to educate the public about the alleged abuse and mistreatment of animals at circuses. *Id*. Defendant Carson is a family-owned traveling circus, founded in 1937. Docket No. 49 (Carson's Motion to Dismiss Third Amended Complaint) at 1. From March to November, Carson travels around the country to perform shows that feature performers and animals. *Id*.

On September 12, 2008, Ennis and other members of CCFE went to the Cow Palace in Daly City to leaflet patrons of the Carson circus and to videotape the circus' animals. *Id*. ¶ 36. After Ennis started to videotape the animals, Carson employees approached to tell him that he was not allowed to videotape on the grounds. *Id*. ¶ 40. A City police officer arrived at the scene, and he and CCFE member Deniz Bolbol ("Bolbol") discussed whether Carson could legally barricade approximately three-quarters of the parking lot surrounding Carson's big top circus tent. *Id*. ¶ 41. The officer's supervisor, Officer Griggs ("Griggs") arrived, and Griggs contacted the watch commander, Officer Gamez. *Id*. ¶ 42. After speaking with Gamez via cell phone, Griggs allegedly informed Diana Colvin ("Colvin"), Cow Palace Event Manager, and Gustavo Parra-Bello ("Parra-Bello"), Carson Circus Manager, that the barricades would have to be moved to encompass a smaller perimeter, that the barricade would need to encircle the tents rather than cut off access to three-quarters of the parking lot, and that Bolbol and others were allowed to go beyond the barricades as presently placed and stand in the parking lot to videotape the animals. *Id*. ¶¶ 43-44. For the rest of the night, Ennis and others went beyond the barricades, stood in the parking lot, and videotaped the animals, without incident. *Id*. ¶ 46.

On September 13, 2008, Ennis and other activists returned to the Cow Palace to continue

1  their speech activities at the circus. *Id*. ¶ 60. When they arrived, they noticed the barricades had not
2  been moved, but Ennis and Bolbol went past them anyway and stood in the parking lot to continue
3  videotaping the animals. *Id*. ¶¶ 61-62. Carson employees allegedly tried to interfere with their
4  videotaping, but were instructed to leave them alone by another Carson employee. *Id*. ¶ 62. Police
5  Officer Kranz arrived at the scene and, after speaking with Colvin, Cow Palace Event Manager,
6  arrived at Ennis' location and allegedly attacked Ennis without warning and broke his camera. *Id*. ¶
7  64. Ennis allegedly heard Carson employee, Parra-Bello, instruct other Carson employees in the
8  area to assault him. *Id*. ¶ 69. Ennis ran to an area where others in his group were, and when he
9  arrived he was allegedly physically attacked by two Carson employees, until his camera was
10 destroyed. *Id*. ¶ 70. Pursuant to a citizen's arrest, Ennis was arrested for trespass, resisting arrest
11 and assault with a deadly weapon. *Id*. ¶ 72.

LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). A motion to dismiss should be granted if a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court

3

need not, however, accept as true pleadings that are no more than legal conclusions or the "formulaic recitation of the elements" of a cause of action. *Iqbal*, 129 S. Ct. at 1950; *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

DISCUSSION

Defendant Carson now moves to dismiss all the claims against it that Ennis alleges in his TAC, except for Count 10 as it relates to free speech claims. The claims against Carson are alleged in Counts 1, 2, 3, 4, 5, 6, 10, and 11.

I.   Counts 1, 2, 4, and 6 - Section 1983 and 1985 Claims

Ennis alleges that Carson has violated his rights under 42 U.S.C. §§ 1983 and 1985, based on a violation of the First Amendment (Count 1 and 2) and Fourth Amendment (Count 2, Count 4, and Count 6). In his TAC, Ennis has failed to allege new facts sufficient to find a plausible claim for relief on any of these counts. Accordingly, the court must dismiss these counts against Carson for substantially similar reasons as set forth in its prior order. *See* Memorandum and Order at 4-8.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "[A section 1983] claim may lie against a private party who 'is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting "under color" of law for purposes of § 1983 actions.'" *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)). "A private party is liable under this theory, however, only if its particular actions are 'inextricably intertwined' with those of the government." *Brunette v. Humane Society of Ventura*

4

1  *County*, 294 F.3d 1205, 1211 (9th. Cir. 2002) (citing *Mathis v. Pac. Gas & Elec. Co.,*
2  75 F.3d 498, 503 (9th Cir. 1996). "[A] bare allegation of . . . joint action will not overcome a
3  motion to dismiss; the plaintiff must allege facts tending to show that [private defendants] acted
4  under color of state law or authority." *DeGrassi*, 207 F.3d at 647 (quoting *Sykes v. State of Cal.*
5  *(Dep't of Motor Vehicles)*, 497 F.2d 197, 202 (9th Cir. 1974)).

6      Additionally, "[t]o prove a conspiracy between the state and private parties under section
7  1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional
8  rights." *United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir.
9  1989) (quoting *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). A conspiracy claim under section
10 1985 must allege specific facts to support the allegation that defendants conspired together to
11 interfere with civil rights. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir.
12 1988). "A mere allegation of conspiracy without factual specificity is insufficient." *Id.* The court
13 addresses the section 1983 and section 1985 claims in turn.

14     A.    <u>Counts 1 and 2 - First Amendment Claims</u>

15     Ennis alleges joint action and a conspiracy between Carson and state defendants to deprive
16 him of his free speech rights.

17      Under the joint action test, courts examine whether state officials and private
   parties have acted in concert in effecting a particular deprivation of constitutional
18 rights. The test focuses on whether the state has so far insinuated itself into a
   position of interdependence with [the private actor] that it must be recognized as a
19 joint participant in the challenged activity. A plaintiff may demonstrate joint
   action by proving the existence of a conspiracy or by showing that the private
20 party was a willful participant in joint action with the State or its agents.

21 *Franklin v Fox*, 312 F.3d 423, 445 (9th Cir. 2002) (internal citations and quotation marks omitted).
22 Ennis alleges that his free speech rights were violated by Carson due to his arrest, the assault against
23 him, and other efforts to curtail his speech activities. TAC ¶ 109.

24     Ennis' claims against Carson are based on the overarching allegation that "[a]ll Defendants,
25 their employees, and agents, engaged in a concert of action and joint venture to deny Plaintiff [his]
26 rights to freedom of speech, press, association, conscience and beliefs without Plaintiff's consent
27 and in furtherance of a common scheme to violate Plaintiff's aforementioned rights, with knowledge

28     5

1  of the conspiracy and its unlawful purpose." *Id*. ¶ 97.  Although Ennis makes a number of
2  allegations throughout his complaint, there are no specific factual allegations that support the
3  existence of a joint action or conspiracy.

4  Ennis alleges, among other things: "On information and belief, the decision to ignore Griggs'
5  instructions and place the barricades so as to prevent Plaintiff Ennis, and others, from accessing the
6  back area of the tent, was a joint decision between Defendants Cow Palace, Cow Palace CEO Walter
7  Haub, Daly City Police Department, Wollman and Carson & Barnes Circus." *Id*. ¶ 54.  In Paragraph
8  55 of the TAC, plaintiff alleges: "On information and belief, Defendants Daly City Police
9  Department, McLane and Wollman delegated to Carson & Barnes and the Cow Palace the authority
10 to exclude Plaintiff Ennis and other activists from arena grounds on penalty of arrest." *Id*. ¶ 55.
11 Although Ennis pleads general allegations of joint action or conspiracy, he pleads no specific facts to
12 support the existence of an agreement between Carson and state defendants to infringe upon his First
13 Amendment rights.

14 For example, Ennis alleges that there was an agreement between state defendants and Carson
15 that existed prior to the September 13, 2008 events.  Ennis supports this allegation by asserting that
16 Cow Palace management contacted Police Captain Wollman to request that he countermand Officer
17 Griggs' previous order to move the barricades to comport with plaintiff's First Amendment rights.
18 *Id*. ¶¶ 47, 54.  Later in the complaint, Ennis alleges that Carson employee Parra-Bello "was also part
19 of the joint discussion and decision between the defendant Cow Palace and defendant Daly City
20 police Department to ignore Griggs' instructions and place the barricades in a manner restricting
21 [p]laintiff Ennis and other activists . . .", however no further specificity is provided besides this
22 general allegation.  *Id*. ¶ 78.

23 The fact that the barricades were not moved to comport with Officer Griggs's directive alone
24 is not enough to support an inference of a joint action or conspiracy between Carson and state
25 defendants to deprive constitutional rights.  The complaint depends only on the bare, conclusory
26 allegation that somewhere within all these pled facts, there was a joint decision in which Carson was
27 somehow involved in the placement of the barricades.  *Id*. ¶¶ 49, 54-55, 78.  Even if a Carson
28

6

1 employee was responsible for the unconstitutional placement of the barricade, this is insufficient to
2 support the existence of a joint action or a conspiracy between Carson and state defendants to violate
3 Ennis' free speech rights.  Indeed, if these allegations were enough, then any individual might be
4 liable as a joint actor or conspirator with state defendants anytime state defendants act in a manner
5 arguably beneficial to that individual or anytime an individual enlisted the aid of the police.  Ennis
6 does not plead facts plausibly alleging that Carson and state defendants were involved in the
7 requisite agreement or relationship that might establish a plausible claim against a private defendant
8 under section 1983 or section 1985.
9      For the foregoing reasons, Carson's motion to dismiss Count 1 and Count 2 (as to the First
10 Amendment claims) is GRANTED.
11      B.      Counts 2, 4, and 6 - Fourth Amendment Claims
12      Ennis alleges that Carson, acting under color of law, violated plaintiff's Fourth Amendment
13 rights against unlawful seizure, false arrest (Count 4) and excessive force (Count 6).  Specifically,
14 Ennis alleges that although Carson employees did not request that he be arrested, Carson manager
15 Parra-Bello's signing of the citizen's arrest affidavit exhibited an intent to join with state defendants
16 to restrict Ennis' rights.  *Id*. ¶ 77-78.
17      "Joint action . . . requires a substantial degree of cooperative action."  *Collins v. Womancare*,
18 878 F.2d 1145, 1154 (9th Cir. 1989).  Ennis does not plead facts to support a finding of a substantial
19 degree of cooperative action.  Merely signing a citizen's arrest form does not evince a joint action or
20 conspiracy to deprive rights. Furthermore, in the complaint, Ennis alleges that "[i]n an attempt to
21 protect Kranz from liability for a false arrest and excessive force claims by plaintiff Ennis and Ms.
22 Bolbol, Defendants O'Rourke and Kranz conceived a plan to have the Circus sign a citizen's arrest
23 form . . ." TAC ¶ 75.  If these allegations, however, do not provide a sufficiently plausible basis
24 upon which the trier of fact could reasonably infer that Carson and state defendants acted jointly,
25 because they assert that the state defendants came up with the plan and make no mention of Carson's
26 involvement.
27      Again, Ennis fails to plead specific facts that support a plausible claim that, because Parra-
28

7

Bello signed an allegedly false citizen's arrest affidavit, Carson employees were engaging in a joint action or conspiracy with the state defendants. There are no factual allegations that any prior agreement or understanding existed between Carson and others to restrict Ennis' rights.

For the foregoing reasons, Carson's motion to dismiss Count 2 (as to the Fourth Amendment claims), Count 4, and Count 6 is GRANTED.

II. <u>Counts 2, 3 and 5 - California Constitutional Claims</u>

Ennis alleges various claims based on violations of the California Constitution. As a threshold matter, 42 U.S.C. §§ 1983 and 1983 claims (Count 2 in the TAC) are predicated on violations of federal constitutional rights, not state constitutional rights. Therefore, to the extent it is predicated on alleged violations of state constitutional claims Carson's motion to dismiss Count 2 is GRANTED. The court now addresses the remaining California constitutional claims in turn.

A. <u>Counts 2 and 3 - CA Constitution - Free Speech Claims</u>

Ennis alleges that Carson violated his free speech rights under Article I, Section 2(a) of the California Constitution. However, the California Constitution's free speech clause has a state action limitation. *Golden Gateway Center v. Golden Gateway Tenants Assn.*, 26 Cal. 4th 1013, 1023 (2001). The limited exception is that "reasonably exercised" speech and petitioning rights are protected in shopping centers, even when they are privately owned. *Id.* at 1022 (citing *Robins v. Pruneyard Shopping Center*, 23 Cal. 3d 899, 910 (1979)); *see Fashion Valley Mall, LLC v. National Labor Relations Bd.*, 42 Cal. 4th 850, 858 (2007).

Ennis does not plead any facts alleging that Carson was a state actor with regard to a suppression of Ennis' free speech rights. As discussed above in the context of plaintiff's federal claims, Ennis does not plead any specific facts that Carson was involved in a conspiracy with state actors to violate Ennis' free speech rights. Again, this claim rests on conclusory allegations that do not assert beyond mere possibility a claim for relief.

For the foregoing reasons, Carson's motion to dismiss Count 2 (as to the California Constitution's free speech claims) and Count 3 is GRANTED.

8

B.      Counts 2 and 5 - CA Constitution - Unlawful Seizure and False Arrest Claims

Ennis alleges that Carson violated his right against unlawful seizure and false arrest under Article 1, Section 13 of the California Constitution. This clause also contains a state action limitation. *Id*. (citing *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 333 (1998)).

Ennis never alleges that Carson was a state actor. Again, Ennis fails to plead specific factual allegations that give rise to a plausible claim of relief, for the same reasons that the Fourth Amendment claims above fail. Given the lack of specific factual allegations, the court cannot find more than a sheer possibility that Carson was acting as a state actor or in a conspiracy with state defendants.

For the foregoing reasons, Carson's motion to dismiss Count 2 (as to the California Constitution unlawful search and seizure claims)[1] and Count 5 is GRANTED.

III.    Count 10 - Cal. Civ. Code § 52.1

Ennis alleges violations of Cal. Civ. Code § 52.1. This section prohibits interference "by threats, intimidations, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or the rights secured by the Constitution or laws of the state." "The word 'interferes' as used in [section 52.1] means 'violates.'" *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 883 (2007) (citing *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998)). "The essence of a [section 52.1] claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Id*. Section 52.1 applies with equal force to persons who do not act under color of law, and a violation requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Id*. "[I]n pursuing relief for [] constitutional violations under section 52.1, plaintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats,

intimidation, or coercion." *Venegas v. County of Los Angeles*, 32 Cal. 4th 820, 843 (2004).

In its previous order, the court denied Carson's motion to dismiss as to the free speech claims under Cal. Civ. Code § 52.1, but granted dismissal for the section 52.1 claims predicated on a violation of Fourth Amendment rights. Memorandum and Order at 8-11.

In his TAC, Ennis claims additional violations of rights in his section 52.1 cause of action, including a renewal of his Fourth Amendment claims and California constitutional seizure and arrest claims. TAC ¶ 154. Plaintiff also alleges violations of Cal. Civ. Code § 43 and Cal. Civ. Code § 1708 statutory rights to underpin his section 52.1 claims. TAC ¶ 153. Defendant Carson seeks dismissal for all these alleged violations, except for those relating to free speech rights under section 52.1.

In its prior order, the court held that "[p]laintiff [did] not set forth facts plausibly showing conduct by Carson employees that interfered with his right to assert the Fourth Amendment protections as against the Daly City Police Department." Memorandum and Order at 10. In his TAC, Ennis has not rectified these deficiencies, nor has he pled facts showing that Carson interfered with any of the other rights asserted in the complaint.

With regard to the California statutory rights claims, Ennis merely alleges that, "[w]ith respect to all defendants, . . . each of them violated the statutory rights set forth in California Civil Code § 43 and § 1708." TAC ¶ 153. Cal. Civ. Code § 43, § 1708, and the sections that follow (e.g. Cal. Civ. Code §§ 43.1, 43.3, 1708.5, 1708.6, etc.) contain numerous possible causes of action. It is unclear to which section(s) and which rights Ennis is referring in his TAC, because Ennis does not specify which of the rights enumerated in these sections defendants violated. Nor does he allege any specific facts in support of this claim or link these claims to any specific facts alleged elsewhere in the complaint. As a result, the court cannot find that a plausible claim for relief exists based on a violation of either California Civil Code § 43 or § 1708.

For the foregoing reasons, Carson's motion to dismiss Count 10 against Carson, except as based on a violation of plaintiff's free speech rights, is GRANTED.

10

IV.     Count 11 - Cal. Civ. Code § 51.7

Ennis alleges a cause of action under Cal. Civ. Code § 51.7, which states: "All persons within the jurisdiction of this state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons or property because of political affiliation . . ." Cal. Civ. Code § 51.7. Ennis' asserts that the events and alleged assault against him on September 12 and 13, 2008 came as a result of Carson's bias against him as an animal rights activist. TAC ¶¶ 65-72, 120.

Ennis alleges several facts from which the trier of fact could reasonably infer that Carson employees violated Ennis' speech rights because of his political affiliation as an animal rights activist. For example, Ennis alleges that animal rights activists (but not including Ennis) had previous negative encounters with Carson employees and that there were previous alleged assaults. *Id*. ¶ 37. Ennis alleges that on September 12, 2008, Carson employee Parra-Bello "said to [Ennis] that [Ennis'] camera looks expensive and it would be bad if something happened to it." TAC ¶ 120(b). Ennis also alleges that Parra-Bello "grabbed [Ennis'] camera pole and twisted it several times. [Parra-Bello] and his employees took turns coming up to plaintiff and bumping into him." *Id*. ¶ 120(c). Ennis also alleges that on September 23, 2008, after Officer Kranz, upon the order of Carson employee Parra-Bello, "assaulted [Ennis] for his camera." *Id*. ¶¶ 120(d)-(f).

Ennis' camera was a primary mechanism for his animal rights activism. He used it to record circus animals, in order to educate the public about the alleged abuse and mistreatment of circus animals. The allegations that Carson employees were making threats or damaging Ennis' camera support a plausible inference that they were targeting him in order to prevent him from spreading information that he had that would support his cause. These factual allegations are enough to support the inference that Ennis was assaulted or threatened on account of his political affiliation. Accordingly, the court finds that there is a plausible claim that Ennis' right to be free from violence or intimidation by threat of violence under Cal. Civ. § 51.7 was violated by Carson employees based on his animal rights activism.

For the foregoing reasons, the motion to dismiss Count 11 is DENIED.

11

V.   Motion to Strike

Carson moves to strike the prayer for relief for a civil penalty of $25,000 for each violation of rights under Cal. Civ. Code § 52.1.  The court has already addressed that issue: "'[s]ection 52 damages include actual damages, treble damages and exemplary damages.  Moreover, actual damages include both special damages and general damages. Cal. Civ. Code § 52(h) . . . [however] section 52(b)(2) civil penalties are not available under section 52.1(b).'"  Docket No. 44 (Order Grant. Defendant Mot. for Summ. Judgment in part, Denying in part) at 26 (quoting *Cuviello v. City of Oakland*, 2010 WL 3063199 (N.D. Cal. 2010) (Patel, J.)).

For the foregoing reasons, Carson's motion to strike this prayer for relief is GRANTED.

CONCLUSION

For the foregoing reasons, Carson's motion to dismiss all claims against it, except for the Cal. Civ. Code § 52.1 claim as it relates to free speech rights and the Cal. Civ. Code § 51.7 claim, is GRANTED with prejudice.[2]  Carson's motion to strike the prayer for relief is also GRANTED.

IT IS SO ORDERED.

Dated:  February 15, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1.     Any other claims against Carson that are predicated upon finding a section 1985 conspiracy are also dismissed, for all the foregoing reasons already set forth in this order.

2.     Ennis has had four opportunities to draft a complaint that comports with federal pleading standards, but has failed to cure the deficiencies in his allegations against Carson.